IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WILLIAM R. TRICE,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           ) Civ. Action No. 11-767-GMS
                                   )
CITY OF HARRINGTON POLICE          )
DEPARTMENT,                        )
                                   )
            Defendant.             )

**MEMORANDUM**

The plaintiff, William R. Trice ("Trice"), an inmate at the Sussex Correctional Institution,

Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. §

1915 and § 1915A.

**I. BACKGROUND**

Trice alleges that in late June 21, 2010, Harrington Police Officers Earl K. Brode

("Brode") and Eric Maloney ("Maloney") violated his constitutional rights to liberty, property

and equal protection. Brode and Maloney are not named defendants. More particularly, Trice

alleges that, on June 21, 2010, Maloney prohibited Trice's access to property in Harrington,

Delaware where Trice resided with his mother in her home. On June 30, 2010, Trice was taken

into custody by Maloney, Brode, and Office Keith B. Shyers ("Shyers") for entering the

Harrington property. Trice alleges that he was prohibited access to the property from June 21,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

2010 until March 22, 2011 due to his fear of wrongful arrest. Trice alleges that all the officers failed to obey state law, and they knowingly and intentionally violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trice proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trice leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Trice has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Trice's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal,*129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Trice names as a defendant the City of Harrington, Delaware Police Department ("City of Harrington"). To the extent Trice targets this municipal-entity defendant, he has not alleged that his injuries were the result of a municipal "government's policy or custom," so as to implicate municipal liability under § 1983. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978). Nor has he alleged any other elements necessary to implicate municipal liability. To recover from a municipality a plaintiff must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

Trice has not pled that the City of Harrington was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the City of Harrington directly caused harm to Trice, his § 1983 claims cannot stand. The claims against the City of Harrington fail to state a claim upon which relief may be granted and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Since it appears plausible that Trice may be able to articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his

-4-

pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Trice will be given leave to file an amended complaint.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2012
Wilmington, Delaware