IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. TRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-767-GMS |
| | ) |
| CITY OF HARRINGTON POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, William R. Trice ("Trice"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court dismissed the original complaint without prejudice to amend, and Trice filed an amended complaint on February 3, 2012. (D.I. 11, 13.) The court proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Trice alleges that on June 21, 2010, the defendant Harrington Police Officer Eric Maloney ("Maloney") accused him of violating a no contact order, pursuant to 11 Del. C. § 2113, imposed as a condition of release in Criminal Case No. 1004011070 that was pending in the Superior Court of the State of Delaware in and for Sussex County. (*See* D.I. 8.) On the same date, Maloney signed an alleged false affidavit approved by the defendant Keith B. Shyers

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

("Shyers") in police complaint No. 5510001652[2] that charged Trice with noncompliance with conditions of recognizance bond or conditions violation when Trice entered the property of Ronald Messick ("Messick") in violation of the no contact order that was issued by the Kent County Superior Court.[3]  (*Id.*)  Trice alleges that the location he entered was not the  property of Messick.  On June 30, 2010, Trice was arrested by the defendant Officer Earl K. Brode ("Brode") who took Trice into custody for violating the no contact order.

Trice appeared in court on March 22, 2011, "to answer the charges" of Criminal No. 1004011070 and Criminal No. 1006018579.  According to Trice, at that time, all charges were *nolle prosequi* by the State.  The court takes judicial notice that Trice was charged by indictment with rape in the first degree, kidnapping in the first degree, strangulation, conspiracy, and multiple related offenses in Criminal No. 1004011070.  Trice entered a Robinson plea to rape in the third degree, strangulation and tampering with a witness and the remaining charges were *nolle prossed* on March 22, 2011, including the charge for violating the no contact order in Criminal No. 1006018579.[4]  *Trice v. State*, 36 A.3d 351 (Del. 2012) (table decision); Superior Court Criminal Docket Nos. 1004011070 and 1006018519.

---

[2]Assigned Criminal Case No. 1006018519.

[3]The court was not provided a copy of the affidavit at issue.

[4]On the rape conviction, Trice was sentenced to twenty-five years of Level V incarceration, to be suspended after eight years, followed by one year at Level IV and ten years of Level III probation.  On the strangulation conviction, he was sentenced to five years at Level V, to be suspended for five years of concurrent Level III probation.  On the witness tampering conviction, Trice was sentenced to five years at Level V, to be suspended for one year of concurrent Level III probation. *Trice v. State*, 36 A.3d 351 (Del. 2012) (table decision).

Trice alleges that from June 21, 2010 until March 22, 2011, he was deprived access to his residence as a direct result of the libelous action taken against him with malice by the individual defendants. Trice alleges the actions of the individual defendants violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Finally, because Maloney, Shyers, and Brode are employees of the defendant the City of Harrington Police Department ("City of Harrington"), Trice alleges that the City of Harrington is vicariously liable by reason of respondeat superior. Trice seeks compensatory damages for his pain and suffering from June 21, 2010 until March 22, 2011.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Trice proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Trice leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Trice has a "plausible claim

4

for relief."[5] *Id.* at 211.  In other words, the complaint must do more than allege Trice's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Municipal Liability

Once again, Trice names the City of Harrington as a defendant.  To the extent Trice targets this municipal-entity defendant, he has not alleged that his injuries were the result of a municipal "government's policy or custom," so as to implicate municipal liability under § 1983. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Nor has he alleged any other elements necessary to implicate municipal liability.  To recover from a municipality a plaintiff must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 404 (1997).

---

[5]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

Trice has not pled that the City of Harrington was the "moving force" behind any alleged constitutional violation. Absent any allegation that a custom or policy established by the City of Harrington directly caused harm to Trice, his § 1983 claims cannot stand. The claims against the City of Harrington fail to state a claim upon which relief may be granted and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### B. Respondeat Superior

Shyers is named as a defendant because he approved Maloney's affidavit. There are no allegations, however, that Shyers had knowledge that the affidavit contained alleged false information or that Shyers had knowledge that Maloney committed a constitutional violation. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, the Supreme Court emphasized that "[i]n a §

6

1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory

liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title

notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.  "Thus,

when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent

responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the

official's subordinates violated the Constitution, but that the official by virtue of his own conduct

and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010),

*cert. denied*, __U.S.__, 131 S.Ct. 2150 (2011) (citation omitted).  The factors necessary to

establish a § 1983 violation will vary with the constitutional provision at issue.  *Id.*

Facts showing personal involvement of the defendant must be asserted; such assertions

may be made through allegations of specific facts showing that a defendant expressly directed the

deprivation of a plaintiff's constitutional rights or created such policies where the subordinates

had no discretion in applying the policies in a fashion other than the one which actually produced

the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing

that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff.

*See Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also Iqbal*, 556 U.S. at 677-

687; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for*

*Women*, 128 F. App'x 240 (3d Cir. 2005) (not published).

Trice provides no specific facts how Shyer violated his constitutional rights, expressly

directed the deprivation of his constitutional rights, or created policies wherein subordinates had

no discretion in applying them in a fashion other than the one which actually produced the

alleged deprivation.  For the above reasons, the court finds the claim against Shyer is frivolous

7

and it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against the City of Harrington and Shyers as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The court liberally construes the allegations of the complaint and finds that Trice has alleged, what appear to be, cognizable claims against Maloney and Brode, and he will be allowed to proceed against them.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

May 7, 2012
Wilmington, Delaware

8