IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. TRICE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LT. ERIC MALONEY, et al., )<br>)<br>Defendants. ) | Civ. Action No. 11-767-GMS |

## MEMORANDUM ORDER

At Wilmington this 17th day of Oct, 2012;

IT IS ORDERED that the plaintiff's petition for amendment of memorandum, construed as a motion for reconsideration (D.I. 26) is **denied** and plaintiff's requests for discovery (D.I. 22, 23) are **denied** as premature, for the reasons that follow:

The plaintiff, William R. Trice ("Trice"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On May 7, 2012, the court screened the amended complaint, dismissed the claims against the City of Harrington and Keith B. Shyers as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), and allowed the plaintiff to proceed against Eric Maloney and Earl K. Brode. (D.I. 14, 15.)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The plaintiff moves for reconsideration and requests that the court "extract" information from the memorandum pertaining to certain criminal cases and preclude, in this action, the use of information related to certain criminal case. (D.I. 26.)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

The plaintiff has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's May 7, 2012 screening order. Therefore, the motion for reconsideration is **denied**. (D.I. 26.)

The plaintiff's requests for discovery (D.I. 22, 23) are **denied** as premature. The remaining defendants have not yet been served.

The plaintiff is given an addition thirty (30) days from the date of this order to comply with the requirements for service as set forth in the May 7, 2012 order. (*See* D.I. 15.) **The plaintiff is placed on notice that his failure to comply with the May 7, 2012 order, within thirty (30) days from the date of this order, by providing U.S. Marshal 285 forms and copies**

2

of the exhibit (D.I. 8) amended complaint (D.I. 13) order may result in the amended complaint being dismissed or defendants being dismissed pursuant to Fed. R. Civ. P. 4(m).

_____
CHIEF, UNITED STATES DISTRICT JUDGE