IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM R. TRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-767-GMS |
| | ) |
| LT. ERIC MALONEY, et al., | ) |
| | ) |

## MEMORANDUM ORDER

At Wilmington, this 8th day of September, 2014, having considered the pending motions (D.I. 60, 61, 63, 74).

## I. INTRODUCTION

The plaintiff, William R. Trice ("Trice"), who proceeds *pro se* and has been granted leave to proceed without prepayment of fees, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Trice is currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware.

Following screening, Trice was allowed to proceed against the defendants Harrington Police Officers Eric Maloney ("Maloney") and Earl K. Brode ("Brode"). The amended complaint alleges that Maloney accused Trice of violating a no contact order imposed as a condition of release in Criminal Case No. 1004011070 that was pending in the Superior Court of the State of Delaware in and for Sussex County. Trice alleges that Maloney signed a false affidavit in police complaint No. 5510001652 (assigned Criminal Case No. 1006018519) that charged Trice with noncompliance with conditions of recognizance bond or conditions violation when Trice entered the property of Ronald Messick ("Messick") in violation of the no contact

order that was issued by the Kent County Superior Court. Trice claims that the location he entered was not Messick's property. On June 30, 2010, Trice was arrested by Brode and taken into custody for violating the no contact order. Trice was charged with several other crimes and, on March 22, 2011, he entered a Robinson plea to rape in the third degree, strangulation, and tampering with a witness. The remaining charges were *nolle prossed*, including the charge for violating the no contact order in Criminal No. 1006018579. *See Trice v. State*, 36 A.3d 351 (Del. 2012) (table decision); Superior Court Criminal Docket Nos. 1004011070 and 1006018519.

## II. DISCOVERY

Trice asks the court to issue subpoenas upon non-parties Denise Abbott ("Abbott") and the Attorney General of the State of Delaware Beau Biden ("Biden"). (*See* D.I. 60, 61.) From Abbott, Trice seeks "any and all lease agreement information including, but not limited to, property tax bills, statements, and/or assessments, complaints, notices, and/or amendments that apply to the physical location or address of 51 California Parkway, Harrington, Delaware 19952; 62 California Parkway, Harrington, Delaware 19952; and 11 Rose Haven Drive, Harrington, Delaware 19952, from January 1, 2007 through December 31, 2011. (D.I. 60.) Trice seeks the information "for the exclusive purpose of . . . confirming the . . . properties were subject to contractual lease[s] on . . . June 20, 2010." (*Id.* at ¶ 1.) Trice seeks from Biden "any and all relevant records, documents, or tangible things in the possession, custody, and/or control of the Delaware Department of Justice pursuant to CR ID #1006018519." (D.I. 61.) Trice indicates that these documents will show that the defendants charged Trice with committing a criminal action causing unwarranted prosecution that was subsequently *nolle prossed*. (*Id.* at ¶¶ 2-3.)

2

A federal court has the inherent power to protect any one from oppressive use of process, even if no oppression is actually intended. *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (citation omitted). In addition, federal courts are not authorized to waive or pay witness fees for indigent litigants and an inmate proceeding *in forma pauperis* in a civil action may not issue subpoenas without paying the required fees. *See Jacobs v. Heck*, 364 F. App'x 744, 748 (3d Cir. 2010) (court did not err in holding that inmate must pay the fees and costs for any prison official he wished to subpoena for trial). *See also Canady v. Kreider*, 892 F. Supp. 668, 670 (M.D. Pa. 1995) (finding that there is no statutory provision authorizing a federal court to waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a) and holding that "a litigant proceeding *in forma pauperis* is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)). Here, Trice has not demonstrated his ability to pay for any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage. Moreover, the court finds Trice's requests overly broad and unduly burdensome. Therefore, the court will deny without prejudice the requests for subpoenas.

Trice also moves the court to order the defendants to provide him "any and all material information, documents, or tangible things" pursuant to the Federal Rules of Civil Procedure and which "are intended to be used in chief as defense." (D.I. 63.) The requests are overly broad and unduly burdensome. Accordingly, the court will deny without prejudice the motion for discovery. (D.I. 63.) Trice is admonished that before seeking court intervention to obtain discovery from a party, he shall utilize the Federal Rules of Civil Procedure.

## III. MOTION TO AMEND

Trice moves to amend the complaint to add Delaware Deputy Attorney General Adam D. Gelof ("Gelof") as a defendant. (D.I. 74.) It appears that Gelof was the prosecutor in Trice's criminal cases. Trice states that he believes sufficient evidence exists to establish that Gelof participated in the furtherance of libel and/or constitutional violations while acting under the color of state law.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re*

4

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

Pursuant to D. Del. LR 15.1(b) when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Here, Trice did not comply with the local rules. Moreover, he alleges in a conclusory manner that Gelof violated his rights and/or slandered him, with our providing supporting facts.

Finally, based upon the motion, it appears that Gelof is immune from suit. A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting Imbler, 424 U.S. at 430). Based upon the information he provides, the court finds Trice's proposed amendment is futile. Therefore, the court will deny the motion to amend. (D.I. 74.)

5

## IV. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The plaintiff's motions for issuance of subpoenas (D.I. 60, 61) are **denied** without prejudice.

2. The plaintiff's motion for discovery (D.I. 63) is **denied** without prejudice.

3. The plaintiff's motion to amend is **denied**. (D.I. 74.)

IT IS FURTHER ORDERED that:

1. **Discovery**. All discovery will be initiated so that it will be completed on or before March 9, 2015.

2. **Application by Motion**. Any application to the Court will be by written motion filed with the Clerk.

3. The parties will not send or deliver any correspondence to Chambers. All correspondence and pleadings must be filed directly with the Clerk of the Court. It will be the responsibility of the parties to inform the court of any change of address.

4. **Summary Judgment Motions**. All summary judgment motions, with accompanying briefs and affidavits, if any, will be served and filed on or before April 9, 2015. The answering brief will be filed on or before May 11, 2015, and the reply brief due on or before May 25, 2015.

5. Any requests for extensions of time as set forth in this Scheduling Order must be made no later than twenty-one days prior to the expiration of time

_____
UNITED STATES DISTRICT JUDGE